**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:
LOBNA N. ARAJ,

    Debtor,

_____/

LOBNA N. ARAJ,                              CIVIL CASE NO. 06-15719
                                                      HON. MARIANNE O. BATTANI

    Appellant,
v.

GENE R. KOHUT,

    Appellee.

_____/

**OPINION AND ORDER AFFIRMING**
**THE BANKRUPTCY COURT'S DECEMBER 18, 2006, ORDER**

**I.    INTRODUCTION**

Before the Court is Lobna N. Araj's December 26, 2006, appeal of an order issued by the Bankruptcy Court for the Eastern District of Michigan, Southern Division (Doc. # 1). Araj appeals a December 15, 2006, ruling by the bankruptcy court that ordered her to turn over a portion of her 2005 state and federal income tax refunds to the bankruptcy trustee.

**II.    STATEMENT OF FACTS**

On October 7, 2005, Appellant Lobna N. Araj filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. On November 9, 2005, Appellant attended the Section 341 Meeting of the Creditors hearing which was held and concluded. Appellant's discharge was entered on January 24, 2006.

1

On July 29, 2006, Appellee filed a motion for a 2004 examination and Appellant subsequently attended this examination on November 2, 2006, at which time the Appellee first inquired as to the existence of any tax refunds Appellant may have received or been entitled to receive for the 2005 tax year. The same day as Araj's scheduled examination, Appellee filed a motion for turnover of a portion of income tax refunds Appellant was entitled to receive after the filing of her bankruptcy petition. A hearing on this matter was held on December 15, 2006, and after oral argument, the Bankruptcy Judge entered an Order mandating that Appellant turn over a pro rata portion of her 2005 state and federal income tax refunds to Appellee.[1] The present appeal follows from the Order entered by the Bankruptcy Court on December 15, 2006.

### III. STANDARD OF REVIEW

In bankruptcy cases, the district court is required to review the bankruptcy court's legal conclusions *de novo* and review factual questions on a clearly erroneous standard. In re Burns, 322 F.3d 421, 425 (6th Cir. 2003).

### IV. ANALYSIS

Araj appeals the bankruptcy court's order, contending that her interest in the tax refund was not property of the estate because she had no enforceable right to receive the payment under state law or vested interest in the refund at the time of filing. Araj asserts that her interest in the tax refund did not vest until December 31, 2005, well after her petition was filed. The Trustee argues that it is well-settled law that a debtor's tax refunds are the property of the estate. The Court hereby AFFIRMS the bankruptcy court's order.

---

[1] Because October 5, was the 279th day of the year, the bankruptcy court ordered her to turn over 279/365 of the tax refunds.

The commencement of a bankruptcy case creates an estate that "is comprised of all the following property, wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(1).

> Legislative history indicates section 541 is intended to be given a broad definition to include "all kinds of property, including tangible or intangible property, causes of action . . ., and all other forms of property specified in section 70a of the Bankruptcy Act. . . . [I]t includes as property of the estate all property of the debtor, even that needed for a fresh start." H.R.Rep. No. 95-595, at 367 (1977).

In re Johnston, 209 F.3d 611, 613 (6th Cir. 2000). Moreover, "[b]y including all legal interests without exception, Congress indicated its intention to include all legally recognizable interests although they may be contingent and not subject to possession until some future time." In re Ryerson, 739 F.2d 1423, 1425 (9th Cir. 1984) (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 175-76 (1977)). The Seventh Circuit has likewise held that,

> "the term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." Segal v. Rochelle, 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966) (bankruptcy estate includes right to refund). A debtor's contingent interest in future income has consistently been found to be property of the bankruptcy estate. See In re Neuton, 922 F.2d 1379, 1382-83 (9th Cir. 1990) (collecting cases). In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541. In re Anderson, 128 B.R. 850, 853 (D.R.I.1991) (citations omitted).

Matter of Yonikusu, 996 F.2d 866, 869 (7th Cir. 1993) (footnote omitted, noting that although Segal was governed by the Bankruptcy Act rather than the Code, the legislative history of the Code specifies that its holding is still applicable).[2]

---

[2] "Section 541 includes as property of the estate all forms of property under former Section 70(a) of the Bankruptcy Act." H.R. No. 95-595, 95th Cong., 1st Sess. (1977), p. 367-68; U.S.Code and Admin.News 1978, p. 5787, 6323-6324.

Araj argues that Segal, in which the Supreme Court held that a loss-carryback refund claim is property of the estate, is limited to the specific facts of that case because that holding was later codified in 11 U.S.C. § 346(i)(3).[3] Segal v. Rochelle, 382 U.S. 375, 379 (1966). Although it is true that the specific holding in Segal was codified, the decision's reach is not so limited. The Court noted that the debtors argument that a refund could not be claimed from the Government until the end of the year was not persuasive because "postponed enjoyment does not disqualify an interest as 'property.'" Segal v. Rochelle, 382 U.S. 375, 380 (1966). The Court reached this result even though "certain postpetition events might eliminate the claim altogether . . . ." In re Booth, 260 B.R. 281, 285 (6th Cir. B.A.P. 2001) (discussing Segal). Therefore, Segal's reasoning is applicable not just to loss-carryback business, refunds, but to any property with a contingent, future interest. Thus, a debtor's interest in a tax refund is property of the estate.

Araj also argues that the tax refunds are not property of the estate because she did not have a vested interest in the payment at the time of filing. In furtherance of this argument, she relies on DeMarco v. Ohio Decorative Products, Inc., 19 F.3d 1432 (6th Cir. 1994) (unpublished table decision).[4] In DeMarco, the plaintiff, a former sales representative for defendants, received a jury award for post-termination commissions on sales he procured prior to his termination. The

---

[3] That section provides: "The estate may carry back any loss or tax attribute to a taxable period of the debtor that ended before the date of the order for relief under this title to the extent that--
(A) applicable State or local tax law provides for a carryback in the case of the debtor; and
(B) the same or a similar tax attribute may be carried back by the estate to such a taxable period of the debtor under the Internal Revenue Code of 1986."

[4] As an unpublished decision, DeMarco has limited precedential value. See Salamalekis v. Comm'r of Soc. Sec., 221 F.3d 828, 833 (6th Cir. 2000).

defendants argued on appeal that the plaintiff lacked standing to assert his claims because he failed to disclose his right to such commissions when he filed for bankruptcy. The defendants argued that because he failed to disclose his interest in the commissions, the right to the commissions were still property of the estate.

The <u>DeMarco</u> court initially stated that "[u]nder the expansive construction courts have given the term, there can be little doubt that rights to post-termination funds, no matter what their designation ( e.g., contract value, commissions), qualify as 'property' for purposes of the bankruptcy code." <u>Id</u>. However, the court of appeals then held that the commissions were not property of the bankruptcy estate given the facts of the case. The Court held that "[t]he crucial inquiry . . . is when those property interests come into existence. . . . [A] future interest will not become a § 541 property right until it has, in effect, vested; or put another way, until the conditions that go to the creation of the right have been satisfied." <u>DeMarco</u>, 1994 WL 59009 at *7. The court found that the commissions were not property of the estate because "the debtor's property right here *did not accrue* until after a bankruptcy petition had been filed. Only after being terminated would DeMarco then become entitled to post-termination commissions, and even then, whether such funds would actually be forthcoming was far from a certainty." <u>Id</u>., at *8 (emphasis added). In reaching its decision, the court relied on two cases, <u>Ryerson v. Rau</u>, 739 F.2d 1423, 1425 (9th Cir. 1984) (finding that the debtor's right to a percentage of service commissions after termination is property of the bankruptcy estate.), and <u>In re Bruneau</u>, 148 B.R. 4, 6 (Bankr. D. Conn. 1992) (finding that the trustee was not entitled to proceeds from a termination agreement because there was no certainty of any payments based upon termination at

5

the time of the petition filing as the payments arose from the debtor's postpetition decision to resign from her job.).

> Notwithstanding the outcome,
>
> [n]othing in DeMarco explicitly or implicitly rejects the test adopted and applied in Ryerson and Bruneau. Indeed, . . . the court of appeals quoted with approval the statement in Ryerson that a contingent interest can be property of the estate. DeMarco, 1994 WL 59009 at *6 (quoting 739 F.2d at 1425). Thus, the better interpretation of DeMarco is that it adopts the nearly unanimous view of the other courts that a contingent interest is property of the estate if sufficiently rooted in the debtor's prepetition past.

In re Booth, 260 B.R.at 289. Such an interpretation is also consistent with a published Sixth Circuit decision, in which the court of appeals held that an Earned Income Credit "was property of the bankruptcy estate, despite the fact that [debtor] filed her bankruptcy petition prior to the end of the tax year in which the credit was earned." In re Johnston, 209 F.3d 611, 613 (6th Cir. 2000). Moreover, in this case, Araj's right to a tax refund *accrued* over the course of the year, and not merely at the occurrence of a single event.

In this case the bankruptcy court prorated the tax refund so that only that portion of the refund that related to Araj's prepetition past became property of the estate. "This is entirely appropriate when only part of the payment is based upon prepetition conduct." In re Booth, 260 B.R. at 290. It is also consistent with every other jurisdiction to consider this matter. "It is well established that tax refunds are property of the estate." In re Lancaster, 161 B.R. 308, 308 (Bankr. S.D. Fla. 1993). "Tax refunds based upon earnings or losses prior to the date of a bankruptcy petition are considered the property of the bankruptcy estate. See Kokoszka v. Belford, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) (holding that an income tax refund

6

is 'property' that passes to the trustee)." U.S. v. Michaels, 840 F.2d 901, 901-2 (11th Cir. 1988).

In fact,

> [e]very court that has considered this issue has held that the portion of an income tax refund that is based upon the pre-petition portion of a taxable year constitutes property of the bankruptcy estate. See In re Orndoff, 100 B.R. 516, 518 (Bankr. E.D. Cal. 1989); In re Smith, 77 B.R. 633, 635 (Bankr. N.D. Ohio 1987); In re Shults, 28 B.R. 395, 397 (Bankr. 9th Cir. 1983); In re Edmonds, 27 B.R. 468, 469 (Bankr. M.D. Tenn. 1983); In re Verill, 17 B.R. 652, 654 (Bankr. D. Md. 1982); In re Thomas, 14 B.R. 759, 764 (Bankr. E.D. Mich. 1981); In re Koch, 14 B.R. 64, 66 (Bankr. D. Kan. 1981); In re Griffin, 1 B.R. 653, 654 (Bankr. M.D. Tenn. 1979).

In re Barowsky, 946 F.2d 1516, 1518 (10th Cir. 1991).

Nevertheless, Araj contends that those cases are unbinding precedent and are unpersuasive because to determine when a person attains property rights in an asset, bankruptcy courts must look to pertinent state law. Araj argues that in Michigan, the contingent right to receive the refund does not exist until a claim is actually filed with the taxing authority, thus, the taxpayer acquires a contingent right to an income tax refund only when a claim is actually filed.

This argument is unpersuasive. Filing a return does not create the right to receive the refund; rather, the right to receive the refund is contingent upon, among other things, filing a return. In other words, the right to receive the refund exists outside of, and apart from, the requirement that a taxpayer must file a return to receive the refund. Filing a return is merely a procedural step that must be fulfilled in order to receive the refund. Therefore, the Court agrees with the bankruptcy court that the Debtor's tax refund payment was sufficiently rooted in the prebankruptcy past so as to be included as property of the bankruptcy estate under § 541(a).

## V. CONCLUSION:

Accordingly, **IT IS HEREBY ORDERED** that the bankruptcy court's order of December 26, 2006, be and is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

                                             S/Marianne O. Battani
                                             MARIANNE O. BATTANI
                                             UNITED STATES DISTRICT JUDGE

DATED: May 29, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                                                   s/Bernadette M. Thebolt
                                                   DEPUTY CLERK